NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | : Hon. Faith S. Hochberg |
| | : Civil Case No. 10-1169 (FSH) (PS) |
| Plaintiff, | : |
| | : **OPINION & ORDER** |
| v. | : |
| | : Date: August 17, 2010 |
| PORT-AUTHORITY TRANS-HUDSON CORPORATION, | : |
| Defendant. | : |

**HOCHBERG, District Judge**

**I.      Introduction**

This is a dispute over fringe benefits. The International Brotherhood of Electrical Workers ("IBEW") alleges that defendant Port-Authority Trans-Hudson Corp. ("PATH") has violated section 2 of the Railway Labor Act, 45 U.S.C. § 152, by unilaterally reducing or terminating certain employment benefits of its Transportation Operations Examiners ("TOEs"). The IBEW seeks an order rescinding these changes, as well as declaratory and injunctive relief.

The IBEW was certified as the TOEs' collective bargaining representative on December 1, 2009. The changes at issue were announced by letter dated February 12, 2010. They are:

- Reimbursement for the use of personal automobiles to commute to work on regularly scheduled days off was discontinued;

- Reimbursement for cleaning and care of PATH-issued uniforms was discontinued;

- Employer-paid TransitCheks were discontinued;

- Reimbursement for continuing education expenses was discontinued;

- Carrying over vacations from year to year and selling back vacation time to the company were no longer permitted;

- The vacation schedule was altered;

- Vacation days could no longer be used in half-day increments; and

- PATH would adopt a strict interpretation of the Family and Medical Leave Act in place of its more liberal leave of absence policy.

PATH now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). At this juncture, the Court will also consider whether to exercise its discretion to entertain the action insofar as it seeks declaratory relief.

## II.     Legal Standards

The standard governing a motion to dismiss is well known. A complaint will survive dismissal under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, if declaratory relief is sought, the Court need not exercise jurisdiction over that claim "if it determines that issuing a declaratory judgment would serve no useful purpose." *Aluminum Co. of Am. v. Beazer East, Inc.*, 124 F.3d 551, 560 (3d Cir. 1997). The Court should consider "(1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." *Bituminous Coal Operators' Ass'n, Inc. v. Int'l Union, United Mine Workers of Am.*, 585 F.2d 586, 596-97 (3d

Cir. 1978), *abrogated on other grounds by Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212 (1979).

**III.   Discussion**

    **A.   Declaratory Relief**

Issuing a declaratory judgment would serve no useful purpose. The Court has reached this conclusion through careful consideration of the factors set forth in *Bituminous Coal*.

The first and fourth factors are dispositive here: a declaratory judgment is unlikely to resolve uncertainty of PATH's legal obligations, and the parties have superior remedies at their disposal that can resolve this uncertainty.[1]  That is true for several reasons. First, this is a coercive action. To the extent there is uncertainty about PATH's legal obligations under the RLA, that will necessarily be decided in connection with IBEW's affirmative claims for relief (*i.e.*, rescission and an injunction). Second, IBEW is currently seeking the restoration of the fringe benefits at issue through collective bargaining negotiations, which may obviate the need for the Court's intervention. If collective bargaining negotiations are unsuccessful, the parties can submit these and other issues to the National Mediation Board for mediation or interest arbitration, pursuant to the RLA, 45 U.S.C. §§ 155, 157, 158. Third, the benefits at issue are fringe benefits; they do not appear to be central to the TOEs' compensation. There is thus no reason to believe that this issue cannot be negotiated satisfactorily. Finally, the ultimate resolution of the TOEs' employment benefits going forward lies exclusively with the parties,

---

[1]  The second factor, the convenience of the parties, does not weigh against the exercise of jurisdiction. Both parties operate in New Jersey, and there is no indication that IBEW is forum shopping by filing the complaint with this Court. The third factor, the public interest, does not weigh in favor of exercising jurisdiction to settle the uncertainty of obligation, largely for the same reasons as discussed above.

whereas a declaratory judgment can only decide whether it was legal for PATH to have unilaterally revoked the benefits before a collective bargaining agreement was reached. That is because even if the Court declared that PATH's revocation of the fringe benefits was unlawful, the TOEs might agree to give up one or more of the benefits, in exchange for some other concession, in the course of collective bargaining negotiations, mediation, or arbitration. The Court's declaration would amount to at most a bargaining chip in labor talks (and potentially an advisory opinion). Consequently, the Court declines to exercise its jurisdiction insofar as the complaint seeks declaratory relief.

      B.      **The Motion to Dismiss**

With respect to the remaining counts for rescission and an injunction, the issue of whether anti-union animus motivated PATH to revoke the fringe benefits is a fact question that cannot be resolved on the pleadings. *See Pinnacle Airlines, Inc. v. Nat'l Mediation Bd.*, No. Civ. 03-1642(ESH), 2003 WL 23281961, at *4 (D.D.C. Nov. 5, 2003) (denying motion to dismiss on grounds that "it is premature [to] dismiss [the counter-]claim without further factual discovery to determine whether [the counterclaimant] can adduce sufficient evidence to raise an inference that anti-union animus was a substantial or motivating factor behind the challenged action."); *cf. Atlas Air, Inc. v. Air Line Pilots Ass'n*, 232 F.3d 218, 226 (D.C. Cir. 2000) (changes to status quo after a union is certified can violate section 2 of the RLA if the changes are motivated by anti-union animus). This issue will be ripe for decision after full factual discovery and trial.[2]

---

[2] In order not to expend judicial resources unnecessarily, the trial shall not take place until the parties reach a collective bargaining agreement. Therefore, at the conclusion of discovery, the case shall be stayed, if necessary, to await the outcome of collective bargaining negotiations, mediation, or interest arbitration. In the mean time, the parties shall adhere to all the discovery deadlines of the Magistrate Judge.

**IV.    Conclusion & Order**

For the foregoing reasons, it is **ORDERED** that the IBEW's request for relief in the form of a Declaratory Judgment is **DISMISSED** and PATH's motion to dismiss the Complaint in its entirety is **DENIED**.

/s/ Faith S. Hochberg<br>
Hon. Faith S. Hochberg, U.S.D.J.